UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDY SOWELL,

                              Plaintiff,

            -against-

CAPTAIN KELLY; OFFICER GUZMAN;
DEPUTY WARDEN HARVEY; OFFICER
CARUSO; CAPTAIN SMART; DEPUTY
WARDEN LEITER; NEW YORK CITY
DEPARTMENT OF CORRECTION,

                              Defendants.

23-CV-5354 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who currently is incarcerated at the Vernon C. Bain Center ("VCBC") on Rikers

Island, brings this *pro se* action asserting several claims arising from his detention at various

correction facilities operated by the New York City Department of Correction ("DOC"). This

action was severed from an action Plaintiff had filed on behalf of himself and his minor child

regarding his parole and his detention at Rikers Island. *See Sowell v. Annucci*, ECF 1:22-CV-

6538, 2 (S.D.N.Y. June 26, 2023) ("*Sowell I*"). In *Sowell I*, Plaintiff filed an amended complaint,

in response to this Court's order granting him leave to do so, in which he asserted five sets of

unrelated claims. The Court directed the Clerk of Court to sever four of those five sets, transfer

one of those sets to the District of New Jersey, and open the remaining three sets as new civil

actions. This action, asserting claims that occurred at DOC facilities, is one of those newly

opened actions.

        After the Clerk of Court opened this action, on June 28, 2023, the Court directed Plaintiff

to pay the filing fees or request to proceed *in forma pauperis* ("IFP"), that is, without prepayment

of fees.[1] Plaintiff submitted an IFP application, and on July 24, 2023, the Court granted Plaintiff's application. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Taking all of these standards together, courts liberally construe pleadings prepared by *pro se* litigants and hold them "'to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## BACKGROUND

The Court describes only those events that relate to the defendants named in this action, concerning Plaintiff's three separate detentions at various DOC facilities: Captain Kelly, of the Manhattan Detention Center ("MDC") and the Eric M. Taylor Center ("EMTC"); Officer Guzman, of the George R. Vierno Center ("GRVC") and "the Beacon"; Deputy Warden Harvey, of the MDC, the Otis Bantum Correctional Center ("OBCC"), and EMTC; Captain Smart, of MDC, OBCC, and EMTC; Deputy Warden Leiter, of EMTC; and the DOC. The following facts are drawn from the amended complaint filed in *Sowell I.*

In August 2020, Plaintiff was arrested and detained at Rikers Island "by Deputy Warden Harvey, at the direction of Captain Kelly and Officer Guzman, resulting in Plaintiff being held on Rikers Island until on or about January 25, 2021, in retaliation to a previous complaint filed in this same court."[2] (ECF 1 ¶ 17.) During this detention,

> Plaintiff suffered the following: a) assault by inmate . . . at the design of Captain Kelly. b) [ ] sprayed and/or subjected to exposure of MK9 several times in the same day without just cause. c) placed in solitary confinement . . . for approximately 20-days . . . d) [ ] deprived meals, telephone privileges, mail, shower, adequate legal services (specifically when Officer Guzan worked Plaintiffs housing unit at GRVC) e) denied court dates in retaliation. f) Transferred from MDC in December 2020 to "Covid Hot Zone" Rikers Island, OBCC, with a group of inmates who all tested negative for covid prior to transfer; and housed with the same group of inmates on 14-days quarrentine. g) plaintiff and inmates were intentionally exposed to Covid 19 at the direction of Deputy Warden Harvey . . . h) segregated for approximately 10-days at West Facility . . . because Plaintiff . . . contracted Covid-19 after . . . (John Doe) inmate was placed

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original, unless otherwise noted.

in the OBCC housing unit[ ] at the direction of Captain Decosta and Deputy
Warden Harvey.

(*Id.* ¶ 18.)

On July 27, 2021, Plaintiff was arrested and detained at OBCC where, at some point, he

was "locked in an intake shower for hours, and assaulted at OBCC, due to being held past the

statutory guidelines required for parole hearings." (*Id.* ¶ 24.) During this second detention,

Plaintiff

was held in intake cells for 5-days and exposed to MK9 multiple times without
medical attention; then held in innate cells for approximately 20-days after being
assaulted (which required stitching medical took over 12 hours to provide) by an
inmate . . . at the design of Officer Caruso (who changed his name) after telling
Blood Gang members in the corridor that Plaintiff is a sex offender; and was
motivated by the previous complaint filed in this same court against staff from
[MDC], facilitated by Captain Smart.

(*Id.* ¶ 25.)

On February 16, 2022, Plaintiff was arrested and detained at the EMTC, at which point,

Deputy Warden Leiter confiscated his religious necklace, intellectual property,
court documents and telephone numbers while plaintiff was in transit to RJIC
building for parole court.  . . . [T]his was at the direction of Captain Smart, in
retaliation to complaints against Captain Kelly and her MDC cohorts, such as
Officer Caruso and Captain Barfield. . . . As a result[,] . . . Plaintiff was exposed
to 'O.C.,' locked in an intake shower for prolonged period of time, denied medical
attention and remanded because Plaintiff has no documents to substantiate his
defense in parole court.

(*Id.* ¶ 28.) "In retaliation to plaintiff's complaints, Deputy Warden Leiter had plaintiff transferred

to AMKC where he was assaulted by gang member after being cuffed, shackled and forced in a

known violent housing unit." (*Id.* ¶ 29.) A Jane Doe "area officer . . . attempted to get [Plaintiff]

to claim he had a slip and fall injury." (*Id.*)

In the amended complaint filed in *Sowell I*, the operative pleading in this action, Plaintiff

sought $1,500,000.00 in money damages.

## DISCUSSION

### A.     New York City Department of Correction

Plaintiff's claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and will direct the Clerk of Court to amend the caption of this action to replace the DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

### B.     Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Moreover, a complaint is subject to dismissal if its "form or substance prevents the defendant from forming a 'fair understanding' of the plaintiff's allegations or otherwise prejudices the defendant in responding to the complaint." *Ong v. Park Manor (Middletown Park) Rehabilitation & Healthcare Ctr.*, 51 F. Supp. 3d 319, 345 (S.D.N.Y. 2014). Ultimately, a complaint must give "fair notice" to the defendants. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("The function of pleadings under the Federal Rules is to give fair notice of the claims asserted." (internal quotation marks omitted)).

Plaintiff's complaint does not comply with Rule 8 because Plaintiff does not make a short and plain statement showing that he is entitled to relief from the named Defendants, by placing them on notice of the claims asserted against them. Rather, he asserts several claims regarding his three separate detentions, without providing dates and locations for each of these claims, making it impractical for the Defendants to respond to the pleading. For example, he states that during his detention, from August 2020 through January 25, 2021, he was exposed to chemical agents, but he does not provide, the date, approximate time, or location of that alleged exposure. Similarly, his allegations regarding an alleged assault at the OBCC, during his detention that commenced on July 27, 2021, also does not include facts regarding when or where this incident occurred. Finally, his allegations regarding his third detention, commencing on February 16, 2022, do not include any facts detailing where or when he was denied medical care. These examples include only a sample of Plaintiff's allegations that do not provide sufficient information to permit the named Defendants to respond to the complaint.

Thus, the Court finds that "the complaint's form [and] substance prevent[ ] the defendant from forming a 'fair understanding' of the plaintiff's allegations." *Ong*, 51 F. Supp. 3d at 345. In light of the Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claims regarding his detention, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

## C.    Statement of Claim

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)   the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. The Court is authorized to dismiss any claims asserted in any amended pleading that go beyond the scope of the operative pleading, and the permitted amendment. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (citing cases).

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-5354 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to

comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 16, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                       Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                     Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated _____     Plaintiff's Signature _____

First Name _____ Middle Initial _____ Last Name _____

Prison Address _____

County, City _____ State _____ Zip Code _____

Date on which I am delivering this complaint to prison authorities for mailing: _____