UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDY SOWELL,<br><br>      Plaintiff,<br><br>  -against-<br><br>NYSDOCCS ANTHONY J. ANNUCCI, et al.,<br><br>      Defendants. | 22-CV-6538 (LTS)<br><br>ORDER |
| RANDY SOWELL,<br><br>      Plaintiff,<br><br>  -against-<br><br>CAPTAIN KELLY, et al.,<br><br>      Defendants. | 23-CV-5354 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff filed these two actions *pro se*. Pending before the Court is a motion for reconsideration, filed in both of the above-referenced actions. As discussed below, the Court denies the motion.

## BACKGROUND

A. *Sowell v. Annucci*, No. 22-CV-6538 (LTS) (S.D.N.Y. Apr. 17, 2024) ("*Sowell I*")

  Plaintiff filed this action *pro se* on July 20, 2022, when he delivered his complaint to prison authorities for filing. (*See* ECF 1.) He alleged that Defendants violated his rights by refusing to discharge him from parole, and he appeared to assert that he was housed at a Rikers Island facility with a prisoner who had an order of protection against him. On January 13, 2023, the Court granted Plaintiff leave to amend his complaint within 60 days, to address deficiencies in his pleadings. (*See* ECF 6.) He filed an amended complaint on February 13, 2023, and asserted

several unrelated claims, some of which arose in other districts. (*See* ECF 8.) Accordingly, by order dated June 22, 2023, the Court severed the unrelated claims, transferred some of those claims to the United States District Court for the District of New Jersey, and directed the Clerk of Court to open three new actions for the remaining severed claims. (*See* ECF 11.) The Court noted that the only claims pending in this action concerned Plaintiff's parole, parole revocation, and allegedly unlawful detentions pursuant to the parole warrants. By order dated June 26, 2023, the Court dismissed these claims for failure to state a claim and because Plaintiff named defendants who were immune from liability. (*See* ECF 12.) The Court granted Plaintiff 60 days' leave to file a second amended complaint. On September 25, 2023, after Plaintiff did not file an amended pleading, the Clerk of Court entered a civil judgment in this action. (*See* ECF 13.)

By letter dated October 20, 2023, Plaintiff informed the Court that prison authorities confiscated his legal matters, making it impossible for him to file a second amended complaint. (*See* ECF 17.) The Court construed the letter as requesting reconsideration of the June 26, 2023 order of dismissal and granted the motion. The Court also granted Plaintiff 30 day' leave to file the second amended complaint. In a November 22, 2023 letter, addressed to the Court, Plaintiff indicated that he mailed his second amended complaint on November 10, 2023. (*See* ECF 18.) In an order dated January 3, 2024, the Court notified Plaintiff that it did not receive his second amended complaint and granted Plaintiff an additional 30 days to file his amended pleading. (*See* ECF 19.)

Throughout the early part of 2024, Plaintiff submitted three letters, attempting to add defendants to this action. (*See* ECF 21-23.) On April 15, 2024, after Plaintiff did not submit a second amended complaint, the Court dismissed the action for the reasons set forth in the June 26, 2023 order of dismissal. (*See* ECF 26.)

On April 16, 2025, Plaintiff filed a motion for reconsideration and his second amended complaint, seeking to reopen this action and proceed with Plaintiff's amended pleading. (*See* ECF 29.)

B.  *Sowell v. Kelly*, **No. 23-CV-5354 (LTS) (S.D.N.Y. Feb. 28, 2024) ("*Sowell II*")**

*Sowell II* was opened as a new civil action on June 22, 2023, as directed by the Court in its June 22, 2023 order in *Sowell I*. After Plaintiff submitted an *in forma pauperis* ("IFP") application, and the Court granted the application, the Court also granted Plaintiff leave to amend his complaint, by order dated October 16, 2023. (*See* ECF 7.) After several orders were returned to the court as undeliverable, the Court dismissed the action on February 26, 2024, without prejudice. (*See* ECF 9.) After notifying the Court of his intention to proceed with this action, by letter dated February 24, 2025 (*see* ECF 12), Plaintiff filed in *Sowell II* the same motion for reconsideration he filed in *Sowell I*, and the same second amended complaint. (*See* ECF 14.)

## DISCUSSION

The Court liberally construes Plaintiff's motion for reconsideration as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The amended pleading does not comply with the June 26, 2023 order in *Sowell I*, or the October 16, 2023 order in *Sowell II*, where the Court granted him leave to amend his pleadings in those actions. First, Plaintiff has submitted an exact duplicate second amended complaint for each action, appearing to assert the same claims in two separate actions. Second, Plaintiff seeks to bring claims from 2019 to the present that arose in New York County, Bronx County, Queens County, and New Jersey. As the Court discussed in *Sowell I*, when it severed Plaintiff's claims

4

asserted in that action, Plaintiff cannot join unrelated claims. Third, the Court is unable to determine which claims Plaintiff seeks to assert in *Sowell I*, and which claims he seeks to assert in *Sowell II*, and finally, which claims are unrelated to those two actions.

For these reasons, the Court denies Plaintiff's motions for reconsideration in *Sowell I* and *Sowell II*. This denial is without prejudice to Plaintiff's initiating a new civil action, as he contends that the violations of his rights are ongoing. Plaintiff is warned, however, that he may not join unrelated claims in one civil action.

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration in the 22-CV-6538 matter (ECF 29) and the motion for reconsideration in the 23-CV-5354 matter (ECF 14) are denied. The Court directs the Clerk of Court to terminate all motions in these actions.

This denial is without prejudice to Plaintiff's initiating a new civil action, as he contends that the violations of his rights are ongoing.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 19, 2025
        New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge